**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEMETRIO MARTIN CHILEL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 19-73090

Agency No. A079-020-976

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 16, 2022**
San Francisco, California

Before: S.R. THOMAS and GOULD, Circuit Judges, and WU,*** District Judge.

Demetrio Martin Chilel, a native and citizen of Guatemala, petitions for

review of the Board of Immigrations Appeals' ("BIA") dismissal of his appeal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable George H. Wu, United States District Judge for the
Central District of California, sitting by designation.

from an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. We review questions of law de novo and factual determinations for substantial evidence. *Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021).

As to withholding of removal, 8 C.F.R. § 208.16(b)(3)(i) states: "In cases in which the applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for him or her to relocate, unless the persecutor is a government or is government-sponsored." As to withholding of removal under CAT, the following provisions apply:

> (2) The burden of proof is on the applicant for withholding of removal under this paragraph to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.
> . . . .
> (3) In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture shall be considered, including, but not limited to:
> . . . .
> > (ii) Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured . . . .

8 C.F.R. § 208.16(c)(2)-(3).

Chilel claims that, should he be removed to Guatemala, he will be

---

[1] Chilel was under a reinstated removal order and could not apply for asylum; he could only seek withholding of removal or similar relief pursuant to CAT. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 951-55 (9th Cir. 2021).

persecuted by the family of the man (Ambrosio Chavez) who was killed by Chilel's father in their village when Chilel (who is now 40 years old) was seven years old. The IJ denied relief to Chilel after concluding that: (1) Chilel's testimony was credible; (2) he did *not* establish past persecution; (3) he had a well-founded fear of future persecution by members of Chavez's family in the region around his home village; and (4) safe relocation within Guatemala was reasonable. The BIA affirmed the IJ's decision – although the BIA specifically noted that, while Chilel's notice of appeal did refer to the contention that the IJ erred in her past persecution determination, his brief did not discuss that issue at all.

Chilel failed to exhaust the IJ's past persecution determination before the BIA, and thus this Court lacks jurisdiction over that issue. Exhaustion of administrative remedies is a prerequisite to our jurisdiction. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). When a petitioner raises an issue in his notice of appeal to the BIA but fails to include any argument on that matter in his brief, he "will . . . be deemed to have exhausted only those issues he raised and argued in his brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam); *see also Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019). Thus, we lack jurisdiction over Chilel's past persecution claim, as he failed to raise or discuss that issue in his brief to the BIA.

3

Substantial evidence supports the agency's determination that internal relocation was reasonable for Chilel. Because the IJ found that Chilel had not established past persecution, he thus bore the burden of demonstrating that internal relocation within Guatemala would be unreasonable for purposes of withholding of removal. *See* 8 C.F.R. § 208.16(b)(3)(i). The IJ and BIA considered the totality of the relevant circumstances regarding Chilel's prospects for relocation within Guatemala and concluded that Chilel could safely return to parts of his country away from his home village.[2] We find unavailing Chilel's arguments that the agency erred in placing the burden on him or that substantial evidence compels a finding that relocation would not be reasonable.

Because the IJ and BIA correctly held that internal relocation was a reasonable option for Chilel, he is not eligible for withholding of removal. *See* 8 C.F.R. § 208.16(b)(3)(i).

Regarding the denial of Chilel's request for relief under CAT, we find that because he failed to raise in his brief to this Court any argument or contentions regarding the agency's denial of CAT protection, he has waived them.[3] *See United*

---

[2] Chilel provided no evidence that any of his persecutors was a Guatemalan governmental official or was government sponsored.

[3] In any event, given our conclusion that the IJ and BIA correctly held that internal relocation was a reasonable option for Chilel, he would not have met his burden for CAT relief under 8 C.F.R. § 208.16(c)(2). *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704 (9th Cir. 2022) (concluding that any possibility of relocation makes

*States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is

waived when the appellant does not specifically and distinctly argue the issue in

his or her opening brief.").

**PETITION DISMISSED in part, DENIED in part.**

---

it more likely than not that the petitioner can avoid the risk of future torture, which justifies the denial of CAT relief).